*HYDE & AL.* vs. *HENRY.*

APPEAL from the court of the sixth district.

East'n. District.
*Dec.* 1824,

HYDE & AL.
*vs.*
HENRY.

MARTIN, J. delivered the opinion of the court. The plaintiffs claim $592 68 for goods supplied the defendant, and $395 64 for advances made for the defendant's schooner, and had her seized.

The marginal note: The *necessary expenses of a vessel coming into the bayou,* are not confined to the toll in coming in, but extend to all disbursements necessary till her return.

The defendant answered he is the owner of the schooner and a resident of the parish of St. Tammany, and not suable in the first district. he pleaded the general issue.

He afterwards obtained a rule that the plaintiff shew cause, why the petition and seizure should not be set aside, on the ground that the debt claimed was paid.

The rule was made absolute, the court being of opinion that the payment made should be applied to the debt for which the schooner was bound, that being the most onerous.

The plaintiffs appealed.

The only question submitted is as to the imputation of a payment received by the plaintiffs. The defendant sent a quantity of bricks by his schooner to the plaintiffs and wrote them a letter in which is the following clause: " I

shall wish you to make some advances, such as the necessary expenses of the vessel in *coming into the bayou.* I shall want some articles in your line, amounting altogether to one half of the value of the bricks; the remainder you will please place to my credit on account of what I owe you."

The plaintiffs sold the defendant's bricks for $510, furnished supplies and paid bills for the schooner to the amount of $382 96, and supplied the defendant with goods to the amount of $592 68. This is admitted.

But the plaintiffs contend, that they had a right to apply the proceeds of the bricks to the payment of their running account against the defendant, after deducting the necessary expenses of the schooner *in coming up into the bayou, i. e.* the toll paid to the navigation company, which was very trifling.

We are of opinion the district court was correct, in considering *all* the expenditures made for the schooner, while in port, and the supplies for her return, as included.

The defendant intimated he wanted the plaintiffs to make *some* advances, such as the expenses of the vessel, &c. It was not therefore the expenses *necessary to come up*, which he

East'n. District.
*Dec.* 1824.

Hyde & al.
*vs.*
Henry.

applied for, but others *like these.* This was well considered as including the necessary expenses *after* the schooner was up, and the expenses necessary to enable her to return. Independent of these *necessary* expenses, the plaintiffs were applied to for articles in their line, to the probable amount of one half of the proceeds of the bricks. All this the defendant wished to be paid out of the proceeds of the bricks—and it was the balance of the proceeds which was to be credited to the general account.

These *necessary expenses* exceeded not the proceeds of the bricks, and the plaintiffs were bound to apply so much of these proceeds as would discharge them, and they had no right to apply any part of these proceeds to the old account, till after these necessary expenses and the supplies called for, when the bricks were sent, were paid for. The receipt of a sum equal to these necessary expenses, extinguished the lien, so that the schooner was improperly seized.

Both parties appear to have been willing to submit the point in dispute to the district court, on the rule to shew cause, in order to curtail expenses. We, therefore, have not examined the propriety of disposing of the merits of the case, by an interlocutory judgment,

East'n. District.
*Dec.* 1824.

HYDE & AL.
*vs.*
HENRY.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs in this court—but the case must be remanded for further proceedings.

*Morse & Maybin* for the plaintiffs, *Preston* for the defendant.